**STATE OF WEST VIRGINIA**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.B.-1 and M.B.-2**

No. 20-0019 (Wirt County 18-JA-11 and 18-JA-12)

**MEMORANDUM DECISION**

Petitioner Father C.B., by counsel Keith White, appeals the Circuit Court of Wirt County's December 4, 2019, order terminating his parental rights to M.B.-1 and M.B.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Jessica Myers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing and terminating his parental rights without affording him a meaningful improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed an abuse and neglect petition alleging that petitioner physically abused the children. According to the petition, M.B.-1 displayed significant trauma to his face, back, neck, chest, and legs, all in various stages of healing, and informed a Child Protective Services Worker that petitioner "kicks and beats on" him, including kicking him in the face. The DHHR also alleged that petitioner withheld food from M.B.-1 as punishment, emotionally traumatized M.B.-1 by excessively confining him to his room without food, subjected the children to domestic violence, and generally caused the children emotional, psychological, and physical harm. Petitioner thereafter stipulated to allegations in the petition, including that his

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, they will be referred to as M.B.-1 and M.B.-2, respectively, throughout this memorandum decision.

physical abuse caused bruising to M.B.-1. Following petitioner's adjudication as an abusing parent, the circuit court granted him an improvement period, during which petitioner was required to undergo a psychological evaluation, participate in individual therapy, submit to drug screens, and complete parenting and adult life skills services.

The circuit court then held two dispositional hearings, the second of which occurred in September of 2019. At that hearing, petitioner moved to continue disposition due to the DHHR's failure to provide an appropriate list of witnesses pursuant to Rule 30 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. The circuit court denied the motion, finding that petitioner had actual notice of the DHHR's witnesses because "such disclosures had been made through prior court reports which were part of the record and through email to [c]ounsel." Accordingly, the circuit court found that petitioner "was not prejudiced by the lack of formal disclosure." The court proceeded to hear evidence in support of disposition, during which petitioner "left the courtroom on several occasions, refused to answer reasonable questions while under oath[,] and left the courtroom before the [c]ourt rendered its decision." The circuit court further found that petitioner failed to successfully complete his improvement period because he was dismissed from his batterers' intervention program due to his failure to submit to drug screens. Additionally, the evidence established that petitioner failed to consistently attend his individual therapy, did not keep the DHHR apprised of his current address, and failed to establish a safe and consistent home environment for the children. Based upon this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future. Further, because the court had "serious concerns for the children's safety if returned to" petitioner's home, the circuit court found that termination of petitioner's parental rights was necessary for their welfare. As such, the circuit court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mother's parental rights were also terminated below. According to respondents, the permanency plan for the children is adoption in their respective foster homes.

On appeal, petitioner first argues that the circuit court erred in denying his motion to continue the dispositional hearing. According to petitioner, the DHHR failed to submit the necessary witness disclosure, required by Rule 30 of the Rules of Procedure for Child Abuse and Neglect Proceedings, thus necessitating a continuance. We do not agree. According to Rule 30,

> [a]t least five (5) judicial days prior to the disposition hearing, each party shall provide the other parties, persons entitled to notice and the right to be heard, and the court a list of possible witnesses, with a brief summary of the testimony to be presented at the disposition hearing, and a list of issues of law and fact. Parties shall have a continuing obligation to update information until the time of the disposition hearing.

It is undisputed that the DHHR did not meet this requirement. However, the record shows that petitioner was in no way prejudiced by this failure, given that he had actual notice of all the information that would have been included in the disclosure.

As the circuit court found, "such disclosures had been made through prior court reports which were a part of the record and through email to [c]ounsel." Given that the circuit court found that no prejudice to petitioner resulted from the DHHR's failure to comply with this rule, it denied the continuance. As this Court has held,

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Here, the DHHR's failure to strictly comply with the requirements of Rule 30 does not constitute a substantial frustration or disregard of the applicable rules such that vacation of the dispositional order is warranted, given that petitioner suffered no prejudice as a result and had actual notice of the information that would have been set forth in the DHHR's disclosure. Similarly, the failure to comply with this rule did not warrant a continuance. This Court has previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W. Va. at 235, 470 S.E.2d at 189 (citation omitted). As such, we find no error in this regard.

Next, petitioner argues that termination of his parental rights was inappropriate because he was not afforded a meaningful improvement period. According to petitioner, the DHHR's failure to allow him to visit his children during the improvement period resulted in it being "a mere passage of time," as opposed to a genuine opportunity to improve his parenting ability. In support, petitioner cites to testimony from his adult life skills and parenting service supervisor, who testified that petitioner became increasingly frustrated during the proceedings because he could not see his

children and that it was impossible to determine the progress he made in his services because of this lack of contact. We find, however, that this evidence is simply insufficient to establish an error by the circuit court in regard to disposition, given petitioner's failure to fully comply with the services offered below.

Importantly, petitioner's argument fails to address how visitation with his children would have affected his failure to comply with multiple requirements of his improvement period, such as his failure to submit to drug screens, complete batterers' intervention services, or attend his individual therapy sessions. Moreover, there is nothing in the record to indicate that, absent his participation in these remedial services, petitioner's visitation with the children would have been in their best interests. Indeed, both children have displayed problematic behavior as a result of petitioner's abuse. Further, according to the DHHR, M.B.-1 continues to exhibit fear that petitioner "will find him and kill him." "'In a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re S.W.*, 233 W. Va. 91, 755 S.E.2d 8 (2014). Given that petitioner's conduct had a profoundly negative impact upon the children, and the evidence established that petitioner was unsuccessful in complying with services designed to remedy the conditions of abuse, we find no error in petitioner's lack of visitation with the children during the proceedings.

We similarly find no error in the termination of petitioner's parental rights, given that West Virginia Code § 49-4-604(c)(6) permits termination of parental rights when there is no reasonable likelihood that the conditions of abuse can be substantially corrected in the near future and when termination of parental rights is necessary for the children's welfare. According to West Virginia Code § 49-4-604(d)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future includes when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the evidence overwhelmingly supports this finding, as set forth above. Further, as addressed above, the children's welfare required termination of petitioner's parental rights due, in part, to the extremely negative impact his abuse had on their wellbeing, particularly in light of his failure to correct his behavior. Moreover, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find that the circuit court did not err in terminating petitioner's parental rights.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 4, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison